**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

TAMARA L. BOS,

Plaintiff,

vs.

UNITED STATES SMALL BUSINESS ADMINISTRATION, et al.,

Defendants.

_________________________________/

No. 2:15-CV-0017-JAM-CMK

ORDER

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction.  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff names the following as defendants: (1) United States Small Business Administration; (2) Christie Lovell; (3) Carla Donaldson; and (4) Sonja Hubbard.  Plaintiff's allegations relate to a micro loan made to plaintiff's business, Tamara Lee Originals, Inc., and guaranteed by defendant United States Small Business Administration.  Plaintiff attaches to her complaint an August 28, 2014, letter from John A. Miller, the Director, Office of Financial Program Operations, for defendant United States Small Business Administration, to Representative Doug LaMalfa, which outlines the following history:

> Thank you for your inquiry of behalf of Ms. Tamara Bos regarding a U.S. Small Business Administration (SBA) guaranteed business loan made to her company, Tamara Lee Originals, Inc. (TLO).
>
> According to SBA loan records, on April 6, 2005, SBA approved a $5,000 micro loan to TLO.  The loan became delinquent on June 1, 2013.  After numerous attempts to contact Ms. Bos to offer repayment arrangements, the loan remained delinquent.  On August 30, 2013, SBA charged off this loan.  On September 1, 2013, the Agency notified Ms. Bos of a pending referral to the U.S. Department of the Treasury (Treasury) for offsets and collection.  Since Ms. Bos did not make any arrangements to repay or workout this debt, as mandated by the Dept Collection Improvement Act of 1996, SBA referred the loan to Treasury for further collection efforts on November 3, 2013.  Treasury has assumed collection responsibilities and SBA no longer services this loan.
>
> Based on Ms. Bos' communications with your office, she requests assistance with securing a new reduction of her monthly Social Security offset.  She could also like a refund of the full offset taken in March 2014.  On March 6, 2014, Ms. Bos contacted the SBA Birmingham Disaster Loan Servicing Center to advise of the hardship caused by the 14% offset approved by Congress.  The amount of offset taken from Ms. Bos in March was $202.20.  We reviewed the financial documentation she submitted and the Agency has already agreed to reduce the monthly offset to $50.00.  This reduction is approximately 4%.  Please be advised that the Agency's standard for offset is normally 15%.  The reduced offset began in April 2014.  The SBA cannot reduce the amount any lower.  The full

> offset previously taken in March 2014 will not be refunded, as this debt is in default. . . .

In her complaint, plaintiff states as follows under the heading "Claims for Relief":

> United States Small Business Administration caused me to suffer EXTENSIVE EMOTIONAL, FINANCIAL, PHYSICAL, DISTRESS. I am suffering each month when the Social Security Direct Deposit goes into my bank account. The United States Small Business Administration was aware of my working with Robert H. of the United States Treasury Department. I provided Robert H. my monthly budget, my bills, all the paperwork he asked for. **An ADMINISTRATIVE RESOLUTION APPROVAL WAS ISSUED TO ME BY THE UNITED STATES TREASURY DEPARTMENT**.
>
> I think, the United States Small Business Administration knew of my U.S. Treasury file, and knowingly hid this fact from me. I feel, that I caught Christie Lovell, Carla Donaldson, lying to me on the phone. And, I believe, Sonja Hubbard covered up Christie Lovell's and Carla Donaldson's actions.
>
> (Emphasis in original).

As currently set forth, plaintiff's complaint is defective because plaintiff has not identified any violation of federal law which would be cognizable in this court. In particular, plaintiff has not referenced any federal statute or constitutional provision in support of her complaint. Because it is possible that this deficiency may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is cautioned that failure to file an amended complaint within the time provided in this order may result in dismissal of the entire action. See Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. 1) is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

DATED: February 3, 2016

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE