# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA L. BOS,

    Plaintiff,

    vs.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
et al.,

    Defendants.

No. 2:15-CV-0017-JAM-CMK

FINDINGS AND RECOMMENDATIONS

       Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendants' motion to dismiss (Doc. 16). A hearing was held before the undersigned in Redding, California, on March 8, 2017. Plaintiff appeared pro se. Bobbie Montoya, Esq., appeared on behalf of defendants. After hearing argument, the matter was held open to allow plaintiff to submit additional evidence. Plaintiff submitted her additional evidence on May 25, 2017, and defendant submitted a response on June 26, 2017. Thereafter, the matter stood submitted.

/ / /

/ / /

1

# I. PLAINTIFF'S ALLEGATIONS

The case proceeds on the first amended complaint (Doc. 6). Plaintiff names the following as defendants: (1) United States Small Business Administration[1] ("SBA"); (2) Christie Lovell; (3) Carla Donaldson; (4) Sonja Hubbard; and (5) "Tammy G."[2] Plaintiff claims that defendants violated the Privacy Act of 1974 with respect to their handling of a SBA loan. Based on documents attached to the complaint, plaintiff is challenging defendants' response to her inquiries concerning an offset to her monthly social security benefit check to pay the loan, which had become delinquent.

Plaintiff's allegations as to each individual defendant are as follows:

> Christie Lovell – Plaintiff states that she had a telephone conversation with defendant Lovell in 2010 regarding "Plaintiff's very old micro-loan." According to plaintiff, she asked Lovell if she could "get help" repaying the loan due to limited income. Plaintiff adds that, though Lovell promised to send "paperwork to fill out," none was ever received. Plaintiff also states: "Christi Lovell, defendant, did not inform Plaintiff S.B.A. couldn't attach Plaintiff's S.S. D.I., thus violating Plaintiff's civil rights. . . ." Next, plaintiff claims that she "begged" Lovell for a "hardship," but was informed that no such relief was available. Plaintiff then informed Lovell that she had been granted an "Administrative Resolution Approval" in February 2014 which should have resolved the matter. According to plaintiff, defendant Lovell told her on March 4, 2014, that the "Administration Resolution Approval" referred to resolution of the U.S. Treasury's interest collecting on the loan.[3] Finally, plaintiff states that Lovell requested documentation of her monthly income and expenses.

> Carla Donaldson – Plaintiff claims that she received a phone call on March 17, 2014, from defendant Donaldson, who is a supervisor at SBA. According to plaintiff, Donaldson wanted to know if plaintiff had ever filed for bankruptcy. Plaintiff states that Donaldson "ordered" her to re-send documentation of her monthly income and expenses and that she "would decide on Plaintiff's

---

[1] Erroneously sued as "United States Small Business Association."

[2] All defendants except "Tammy G." have waived service of process. To date, "Tammy G." has not been served.

[3] Plaintiff indicates throughout the complaint that the loan had been sent to a collection agency after plaintiff defaulted.

loan payback." Plaintiff also states that Donaldson decided that SBA would reduce the offset from around $200 per month to $50 per month. Plaintiff adds that, when asked about the "Administrative Resolution Approval," Donaldson replied: "I don't know anything about that." Plaintiff states that, on March 19, 2014, she asked Donaldson for a refund for months where more than $50 was deducted from her social security check for the offset. According to plaintiff, Donaldson said "no."

<u>Sonja Hubbard</u> – Plaintiff states that she contacted defendant Hubbard – who is Donaldson's supervisor at SAB – on April 21, 2014, to discuss her financial hardship. According to plaintiff, that conversation included the following exchange:

> HUBBARD: My father is a veteran and he pays his bills.
>
> PLAINTIFF: How dare you raise our flag in my face. My brother was a West Point graduate, military adviser in Viet Nam, dead at 58 years old from Melanoma. My Uncle fought in two wars, and he has since passed also.

Plaintiff claims that Hubbard is liable for "using our USA's flag in threatening manner."

"Tammy G." – Plaintiff states that she received a phone call sometime in April 2014 from "Tammy" with the Treasury Department telling plaintiff not to call "Robert H." requesting accommodation for financial hardship. According to plaintiff, "Tammy" stated: "You do not have a hardship because you aren't able to pay." Plaintiff claims that defendant "Tammy G." did not have permission to view her file.

Aside from these specific references to named defendants, plaintiff refers generally to "all defendants" and "defendants."

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); see also <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See <u>Jenkins v. McKeithen</u>,

3

395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Defendants – who are a federal agency and four federal employees – argue that the complaint should be dismissed because plaintiff has failed to demonstrate a waiver of the federal government's sovereign immunity. In her opposition, plaintiff argues that her claims should proceed pursuant to Bivens v. Six Unknown Agents of the Fed. Bur. Of Narcotics, 403 U.S. 388 (1971), based on alleged violations of her civil and/or statutory rights (presumably, her rights under the Privacy Act of 1974). To the extent plaintiff claims that defendants violated her civil or statutory rights, the action would properly proceed against federal employees as a Bivens action.

Defendants next argue that, assuming some basis for subject matter jurisdiction, plaintiff has failed to state any cognizable claim. The court agrees. Plaintiff has simply failed to plead facts which would allow the court to draw the reasonable inference that any named defendant is liable. The only reference to a statutory right is plaintiff's citation to the Privacy Act of 1974 which creates a private right of action. See 5 U.S.C. § 552a(g)(1). Under § 552a(g)(1) an individual may bring suit in the district court on one of the following bases: (1) an agency fails to amend an individual's records; (2) an agency refuses to comply with a records request; (3) an agency fails to properly maintain records resulting in an adverse determination; or (4) an agency fails to comply in any other way resulting in an adverse determination.

/ / /

/ / /

1        Here, plaintiff cannot maintain any claim under the Privacy Act because any disclosure of plaintiff's information between government entities and/or agents alleged in this case is exempted as a "routine use." See 5. U.S.C. § 552a(b)(3). Agencies are required to publish in the Federal Register "each routine use of the records contained in the system, including the categories of users and the purpose of such use." 5 U.S.C. § 522a(e)(4)(D). In this case, the Treasury Department has published the routine use which covers the issue here – the collection of debts owed to the United States. See 77 Fed. Reg. 8947-8954 (February 15, 2012).

        Finally, as to plaintiff's contention that the debt she owed was cancelled by an "Administrative Resolution Approval," the court granted plaintiff leave to submit additional evidence in this regard, specifically documentation establishing that her debt had in fact been cancelled. Plaintiff's additional evidence consists of various computer logs from the Treasury Department reflecting the history of her debt. Among the log entries are annotations indicating that an "Administrative Resolution" had been granted in her case. Plaintiff's documents, however, fail to establish cancellation of the debt. In any event, whether plaintiff's debt was cancelled or not has no relevance to whether plaintiff has stated a claim under the Privacy Act, which she cannot do for the reasons discussed above.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 16) be granted and that this action be dismissed without leave to amend and with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 31, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE